UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05-CV-108-M

JOHN MICHAEL BROWN                                                                                          PLAINTIFF

v.

DAVID OSBORNE, et al.                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, John Michael Brown, *pro se*, seeks legal and equitable relief under 42 U.S.C. § 1983 from the jailer and a deputy for mistaken identity during pill call. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

The averments of fact in the complaint describe the following exchange[1]:

Plaintiff is awakened at pill-call and is informed he has medication on the cart. Plaintiff observes Deputy Chuck Mattingly. Plaintiff states, "I don't take medication – never have."

Deputy Mattingly replies, "You're on the list: John Brown, cell #A215." (Same name, same cell.)

"There must be a mistake," Plaintiff tries to explain.

"It's no mistake," insists Deputy Mattingly, and he instructs Plaintiff to take the pill in front of him. Plaintiff takes the pill and signs for it.

The next morning, Plaintiff receives a charge to his account for a $5.00 co-pay on the prescription. Plaintiff complains to Deputy David Sands, "I have never taken meds. I never seen a doctor or nurse since I've been here."

---

[1] Some of the quoted statements are direct quotations, other quotes are transposed from the narrative in the complaint.

Later, jail officials discover the medication was prescribed for another inmate named John *Priest* Brown.  The grievance documentation describes the medication as a blood pressure pill.

Deputies should not be dispensing medications, Plaintiff complains – deputies, who only know "strong arm tactics to make people do as they are told."  Plaintiff alleges, "[T]he point is, that medication could have killed me or someone else if they or I would have been allergic to that medication."

The complaint contains no allegations whether Plaintiff suffered actual injury, but officials credited his account, $5.00.

Plaintiff seeks $100,000 compensatory damages and an order requiring the Daviess County Detention Center to make appropriate staffing changes in the interest of inmate health.

### III.

Section 1983 provides civil remedies, including prospective injunctive relief, to individuals who have suffered injury, or who are exposed to an unreasonable risk of future injury, from the deprivation of a federal right by persons acting under color of [state] law.  42 U.S.C. § 1983; *Helling v. McKinney*, 509 U.S. 25 (1993); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Prisoners' medical claims invoke rights guaranteed under the Eighth Amendment, which contains the prohibition against cruel and unusual punishment – a refrain familiar to all prisoners.  Many prisoners are also aware that deliberate indifference to a prisoner's serious medical need constitutes wantonness proscribed under the cruel and unusual punishment clause.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

Mistake, inadvertence, even negligence, however, by definition fall short of deliberate indifference.  *Id.*  Moreover, the medical need at issue must be sufficiently serious to invoke

protection under the Eighth Amendment, *id*, and the risk of serious injury must be unreasonable – a risk "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk," *Helling*, 509 U.S. at 36.

The complaint fails to state a claim of deliberate indifference to a serious medical need. Rather, the complaint contains allegations of mistake or inadvertence; and, although swallowing another inmate's prescription medication is understandably cause for concern, it is a degree or two less than a federal cause of action.

Whether Defendants subjected Plaintiff to an unreasonable risk of serious injury is another matter. An allergic reaction to a single dose of medication, a poison pill so to speak, is not beyond the realm of possibility. Considering the full range of possible medications, nonetheless, the Court concludes the complaint contains no allegations to support an inference that the risk of injury was so grave that it violates contemporary standards of decency.

The Court notes that absent allegations of an individual's violation of a federal right, there is no basis for asserting an official-capacity claim. *Bowman v. Corrections Corp. of America*, 350 F.3d 537 (6th Cir. 2003).

The Court must therefore dismiss the complaint. The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*

4414.007